*Filed in open Court this 9th day of July 2008.*

*nms*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 08-65-JJF |
| | ) |
| SEBRON FLEMING, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Sebron Fleming, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The maximum penalties for Count Two are a term of imprisonment of ten years; a $250,000 fine, or both; three years supervised release; and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Two of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) that at the time of the defendant's possession of the firearm, he had been convicted previously of a crime punishable by a term of imprisonment exceeding one year;

and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3. In connection with this Memorandum, the defendant admits: (1) that, on or about February 28, 2008, he knowingly possessed a firearm, that is, a Crescent Firearms, Side-by-Side Model, 16-gauge shotgun; (2) that at the time the defendant possessed the firearm, he had been convicted previously on or about March 8, 2001, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in and for New Castle County; and (3) that prior to the defendant's possession of the firearm, the firearm crossed state lines into Delaware.

4. The Government agrees to dismiss Count One of the Indictment at the time of sentencing. The defendant admits, however, for purposes of sentencing on Count Two and as a matter of relevant conduct under the Sentencing Guidelines, that he knowingly possessed a Savage Arms, Stevens Model, side-by-side, double barrel, 12-gauge shotgun, after having been convicted on or about March 8, 2001, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in and for New Castle County.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the

Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Luis A. Ortiz, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: /s/ Robert F. Kravetz<br>Assistant United States Attorney |

/s/ Sebron Fleming
Defendant

Dated: July 9, 2008

**AND NOW**, this __9__ day of __July__ 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

/s/ Hon. Joseph J. Farnan, Jr.
United States District Judge